[740 NYS2d 132]

In the Matter of JERROLD SHENKMAN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 8, 2002

### APPEARANCES OF COUNSEL

*Gary L. Casella*, White Plains (*Matthew Renert* of counsel), for petitioner.

*Rand Rosenzweig Smith Radley Gordon & Burstein, LLP*, New York City (*Robert A. Burstein* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petitioner served the respondent with a petition dated January 18, 2001, containing one charge of professional misconduct. After a hearing on March 21, 2001, at which the petitioner introduced three exhibits and the respondent called one witness and offered two exhibits in evidence, the Special Referee sustained the charge. The petitioner now moves to confirm the Special Referee's report and to impose such disci

On May 3, 2000, the respondent pleaded guilty in the Albany City Court, Albany County, to a charge of failing to file state tax returns, in violation of Tax Law § 1801 (a). The crime of which the respondent was convicted is a misdemeanor, which is included within the parameters of a "serious crime," pursuant to 22 NYCRR 691.7 (b). The respondent was sentenced to a $5,000 fine and surcharge and a Certificate of Conviction was entered.

Based upon the undisputed fact that the respondent was convicted of a serious crime, the Special Referee properly sustained the charge. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent has pointed to prior cases in which this Court has censured respondents who have offered false instruments for filing and willfully failed to declare income on their tax returns. In view of the mitigating circumstances presented by the respondent, he requests that any sanction imposed on him be limited to a private censure. The respondent has specifically waived any objections to the Court's imposition of a final sanction.

The petitioner reports that the respondent has no prior history of discipline with the Ninth Judicial District.

At the hearing, the respondent testified that he was aware of his failure to file tax returns but believed that he was merely depriving himself of a refund. When he became aware that his employer was not withholding funds for his New York State taxes, the respondent erroneously expected that he would still be entitled to a refund based upon the moneys deducted from his wife's salary.

Under the totality of circumstances, the respondent is publicly censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jerrold Shenkman, is censured for his professional misconduct.